MELINDA L. HAAG (CABN 132612)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:  (415) 436-6959
    Facsimile:   (415) 436-6753
    E-mail: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-0455 WHA |
|     Plaintiff, | ) | |
| | ) | [~~PROPOSED~~] |
|     v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| MARCEL DARON KING, | ) | |
|     Defendant. | ) | |

      This matter came before the Court on August 31, 2010, on an appeal by the government of a release Order by the Magistrate Judge.  Defendant King was present and represented by Assistant Federal Public Defender Daniel P. Blank.  Assistant United States Attorney William Frentzen appeared for the government.

      The government moved for detention, and defendant opposed.  Proffers and arguments regarding detention were submitted by the parties at the hearing to supplement the written submissions by the parties.  The Court and the parties also had the benefit of the reports and

recommendation of Pretrial Services.

Upon consideration of the facts, proffers and arguments presented, the Court finds by clear preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required. The Court also finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community. Accordingly, the Court concludes that defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant King. First, the Court considers the facts of the instant case in its determination regarding detention. Title 18 U.S.C. § 3142(g)(1) provides that among the factors the Court should consider are "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . firearm . . . ." According to the government's proffer, on May 10, 2010, San Francisco Police Department officers located a shotgun under a bed which was identified as defendant's bed. That shotgun had allegedly been transported in interstate and foreign commerce. At the time that the shotgun was located, defendant was a convicted felon. Defendant was interviewed by SFPD and admitted that he had gotten the shotgun in March of 2010. Therefore, the instant case involves a dangerous matter and involves a firearm.

Additionally, 18 U.S.C. § 3142(g)(2) provides for the Court to consider "the weight of the evidence against the person." At this point, the government's proffer is strong. Defendant has not indicated any weaknesses in the government's case. While defendant indicates he wishes to file a motion to suppress defendant's confession, he has so far not raised any arguments regarding the strength of the government's case. While the defendant is entitled to the

presumption of innocense, the weight of the evidence as proffered by the government appears compelling for now.

Title 18 U.S.C. § 3142(g)(3) provides for the Court to consider the history and characteristics of the person, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law."

In this case, defendant certainly has ties to the community and is a lifelong San Francisco resident and does not appear to have any mental health problems.  Other factors, however, weigh heavily for detention.  Defendant had previously been convicted of a crime of violence.  He was convicted of Inflicting Corporal Injury on Spouse/Cohabitant on August 24, 2007, in San Francisco Superior Court.  In that case, according to proffer from the government, defendant was convicted for knocking out his partner's tooth with a blow to the head.  That felony is a crime of violence.  Also, during that investigation, defendant's partner indicated that he had struck her on prior occasions, including while she was pregnant.  The Court also reviewed the police report from the arrest and saw that during the offense defendant was reported to have threatened a witness, a Muni bus driver, who was trying to summon police to assist defendant's partner.

Following the conviction in 2007, defendant was placed on state probation and a condition of his probation was not to possess any firearms.  Despite being explicitly told by the San Francisco Superior Court that this conduct was forbidden, the defendant admittedly took possession of a firearm in March of 2010, and, thus was "at the time of the current offense . . . on probation." 18 U.S.C. § 3142(g)(3)(B). Defendant was also arrested on June 3, 2009, during which he fled from police and fought with police.  For that, his state probation was violated and he served additional time in jail.  Defendant has shown through his repeated behavior that he will

not follow conditions placed upon him by courts.

According to Pretrial Services, defendant's history includes numerous arrests as a juvenile offender for which the dispositions are unknown. The nature of the arrests, however, include theft, robbery, and threatening crime with intent to terrorize. Defendant claims a long history of drug and alcohol abuse. Defendant also has apparently failed to appear for DMV hearings.

Title 18 U.S.C. § 3142(g)(4) provides that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Here, defendant is a person previously convicted of violent acts who is now charged with possessing a firearm. Additionally, defendant has demonstrated in the past that he is willing to challenge law enforcement and threaten witnesses. Thus, defendant presents a serious danger to the community.

For these reasons, the Court finds through clear and convincing evidence that defendant King presents a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

The Court makes the following findings as its basis that no condition or combination of conditions of release will reasonably assure the appearance of defendant King after considering the factors indicated above. First, defendant is facing a lengthy possible sentence of up to ten years. Second, defendant King was on active felony probation for a domestic violence conviction at the time that this offense allegedly occurred. Third, defendant has a history of running from and fighting against the police. Fourth, defendant has ignored the conditions of his probation on multiple occasions, in particular by being in the presence of his victim when he was restrained from doing so and the current incident of possessing a firearm in violation of his probation. Fifth, defendant's family members are to be commended for their support of defendant King and appearing in court on his behalf, but they cannot guarantee defendant's compliance and appearance. The shotgun found under defendant's bed leading to this action was

reportedly found in his mother's house, in a room to which she had access. From that, it would appear that defendant does not necessarily comply with his family's requests of him. Sixth, though defendant requests drug rehabilitation at New Bridge, a program for which the court has great respect, New Bridge is not a lockdown facility. Defendant could walk in and walk back out. The New Bridge program has no way to assure defendant's appearance in court. The drug rehabilitation program, defendant's family, the courts, and even the police have all failed at assuring defendant's compliance with the law. The court finds by clear preponderance of the evidence that no conditions can assure defendant King would make his appearances for Court. For these reasons, the Court deems defendant King to present a risk of flight that cannot be mitigated adequately by conditions of release. This court therefore disagrees with the Magistrate Judge and the recommendation of the pretrial services report.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

1. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

SO ORDERED.

Dated: September __2__, 2010

HONORABLE WILLIAM ALSUP
United States District Court Judge
Northern District of California