IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARCEL DARON KING,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 10-00455 WHA<br><br>**ORDER DENYING GOVERNMENT MOTION TO CORRECT CLEAR SENTENCING ERROR** |

　　　The United States moves to correct what it argues is a clear sentencing error. The issue concerns the two-point reduction defendant received in his guideline offense-level calculation for "acceptance of responsibility." At sentencing, after a full explanation on the record, the Court reluctantly granted the two-point reduction for acceptance of responsibility. The prosecutor asks to revisit that decision. Defense counsel opposes.

　　　It is true that the undersigned would have given a longer sentence but for the apparent law in our circuit, namely that pursuing a motion to suppress an inculpatory statement cannot be held against a defendant in determining whether he has accepted responsibility for purposes of Guideline Section 3E1.1(a). As stated at the sentencing hearing, if we were writing on a clean slate, the assigned judge would agree with the United States and would take into account that defendant has relentlessly sought to suppress the only statement he ever made acknowledging possession of the shotgun and, indeed, will seek suppression via an appeal. Thus, defendant has not stood by his original acknowledgment of possession of the shotgun. Rather, he has done the opposite. He seeks to evade criminal responsibility altogether via his suppression strategy.

While this factor is not the only reason the Court would deny acceptance of responsibility, it is a key reason. Other than the stationhouse statement, defendant has admitted no wrongdoing, demonstrated no remorse, given no interview to probation (during preparation of his presentence report), and given no allocution at sentencing. He has shown no contrition whatsoever. Yet, the defense contends that at the stationhouse defendant readily "confessed" to possessing the shotgun, *i.e.*, that he "accepted responsibility." The defense insists on a right to seek to suppress the statement and yet still to claim acceptance of responsibility. This have-it-both-ways reasoning is supported by the *Ochoa-Gaytan* decision by our court of appeals.

In addition to the analysis stated on the record at the hearing, the sentencing judge wishes to make clear that he would have denied "acceptance of responsibility" points and would have imposed a longer sentence had he not been constrained by the *Ochoa-Gaytan* decision. While the judge could have arguably exceeded the guideline range using Section 3553 factors, a sentencing judge must take into account the proper guideline range. It would have given inadequate respect to the guideline calculation, as informed by *Ochoa-Gaytan*, to override the range with the Section 3553 factors. Acceptance of responsibility, moreover, regularly involves a waiver of trial and other constitutional rights.

Because *Ochoa-Gaytan* was decided prior to *Booker*, at a time when the guidelines were mandatory, *Ochoa-Gaytan* may have been unduly influenced by the then-mandatory nature of the guidelines. Perhaps now the court of appeals might take a different view of this acceptance-of-responsibility issue. This is why the sentencing judge invited the government to take a cross-appeal on this issue.

For the reasons stated, the government's motion is **DENIED**.

Dated: April 12, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE