1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney

2

3  DAVID R. CALLAWAY (CABN 121782)
   Chief, Criminal Division

4  CLAUDIA A. QUIROZ (CABN 254419)
   Assistant United States Attorney

5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-6753
        claudia.quiroz@usdoj.gov

8
   Attorneys for United States of America

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,              )   NO. 10-CR-00455 WHA
14                                         )
          Plaintiff,                       )   STIPULATION AND [PROPOSED] PROTECTIVE
15                                         )   ORDER REGARDING PRODUCTION OF
      v.                                   )   ATTORNEYS' EYES ONLY DISCOVERY
16                                         )
   MARCEL DARON KING,                      )
17                                         )
          Defendant.                       )
18                                         )
                                           )
19  _____)

20

21

22

23

24

25

26

27

28
   STIPULATION AND [PROPOSED] PROTECTIVE ORDER
   NO. 10-CR-00455 WHA

1    With the agreement of the parties and the defendant's consent, the Court enters the following

2 Order.  The United States may produce un-redacted discovery that identifies the victim of the rape

3 alleged in Count Four of the Amended Petition for Arrest Warrant Under Supervision, filed by the U.S.

4 Probation Office on May 5, 2016, (Dkt. No. 174), and designate such materials as "Attorney's Eyes

5 Only," subject to the following restrictions:

6    1.    For purposes of this Order, the term "Defense Team" refers to the following individuals:

7 (1) counsel of record in this case for the defendant; (2) defense investigators assisting the Defense Team

8 with this case; (3) persons retained by the Defense Team to directly assist with this case; and (4) any

9 expert witnesses who may be retained or appointed by the Defense Team.  For purposes of this Order,

10 the term "Defense Team" does not include a defendant.

11    2.    Because the defendant has requested certain materials in discovery that contain

12 information pertaining to the rape victim and information pertaining to other minors, the government

13 may produce unredacted copies of these materials to the Defense Team subject to the following

14 limitations.

15    3.    Any materials subject to this Protective Order ("Protected Materials") shall be designated

16 by marking the item "Attorney's Eyes Only – Subject to Protective Order."

17    4.    No one other than a member of the Defense Team may review or access Protected

18 Materials, except as provided below.

19    5.    The defendant shall be provided with the victim's name two days prior to the evidentiary

20 hearing.  The defendant shall not be provided with any other personal identifiers of the victim, including

21 her date of birth or address.

22    6.    The Defense Team shall not permit anyone other than a Defense Team member to have

23 physical possession of Protected Materials.  The defendant may not possess a copy of the Protected

24 Materials, and may only review the Protected Materials in the presence of a member of the Defense

25 Team.  The defendant shall not be provided with and shall not be given access to, the following

26 information: (a) personal identifiers of the victim other than her name (including date of birth and

27 address); (b) medical and mental health (psychological and psychiatric) records pertaining to the victim;

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. 10-CR-00455 WHA

1

1 (c) disciplinary records pertaining to the victim; (d) Child Protective Services records relating to the

2 victim; (e) personal identifiers of the two girls who were with the victim on the night of the offense

3 (including full names, birthdates, and addresses).

4        7.      Review of the Protected Materials shall only be performed in a manner that maintains the

5 confidentiality of Protected Materials and does not expose them to unauthorized access (including

6 unauthorized viewing or eavesdropping by unauthorized individuals).

7        8.      The Defense Team may make photographic or electronic copies of Protected Materials

8 for its own use, but shall not divulge or show Protected Materials to anyone other than the defendant and

9 only subject to the limitations set forth above.  Any duplicates must be marked "Attorney's Eyes Only –

10 Subject to Protective Order" and will be treated as originals in accordance with this Order.

11        9.      The Defense Team may show Protected Materials to the defendant in the physical

12 presence of a Defense Team member, but may not permit that defendant to have physical possession of

13 Protected Materials.

14       10.     The Defense Team may take Protected Materials into a custodial facility to show to the

15 individual defendant it represents but, as explained above, the Defense Team must maintain physical

16 possession of Protected Materials and may not allow the defendant to have or retain physical possession

17 of Protected Materials.

18       11.     The Defense Team shall not permit Protected Materials to be maintained outside of the

19 Defense Team's office.  If Protected Materials are taken out of the Defense Team's offices, they must

20 remain in the physical possession of a Defense Team member.  Protected materials shall not be left

21 unattended in vehicles or individual homes.

22       12.     If defense counsel determines that additional persons are needed to review Protected

23 Materials, he must obtain a further order of the Court or written consent from the government before

24 allowing any other individual to review Protected Materials.

25       13.     A copy of this Order shall be maintained with the Protected Materials.

26       14.     Prior to receiving access to Protected Materials, all individuals other than defense counsel

27 who receive access to Protective Materials shall sign a copy of this Order, in the space below,

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. 10-CR-00455 WHA

1  acknowledging the following:

2         a.  I have reviewed the Order;

3         b.  I understand its contents and will abide by its terms;

4         c.  I agree that I will only access Protected Materials for the purposes of

5             preparing a defense for the defendant;

6         d.  I agree that witness names and other identifying information derived from

7             Protected Materials will not be disclosed to anyone outside of the Defense

8             Team. (Except to the extent that such witness names or other identifying

9             information were known to the Defense Team prior to the receipt of

10            Protected Materials.  This Order shall not affect the use of information that

11            was previously known to the Defense Team prior to the receipt of

12            Protected Materials); and

13        e.  I understand that failure to abide by this Order may result in sanctions by

14            this Court.

15                                        Signature:      _____

16                                        Name (Print):  _____

17                                        Date:            _____

18  Defense counsel shall maintain such signed copies of the Order and make them available for inspection

19  by the Court as requested.

20        15.    Without written permission from the government or a court order secured after

21  appropriate notice, the defendant may not file in the public record in this action any Protected Material

22  and Protected Material may not be attached to any pleadings or other court submissions that are publicly

23  filed.  Protected Material may be filed or lodged under seal, with an order from the Court and pursuant

24  to the procedures set forth in the Criminal and Civil Local Rules for the United States District Court for

25  the Northern District of California.

26        16.    If the Defense Team or defendant is served with a discovery request, subpoena or an

27  order issued in a separate matter that would compel disclosure of any information or items designated in

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. 10-CR-00455 WHA

3

1    this action as Protected Material, or any information or items produced in this action regardless of

2    designation, the Defense Team must notify the government, in writing (by electronic mail, if possible),

3    along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.  The

4    party receiving the discovery request, subpoena, or order also must immediately inform the party who

5    caused the discovery request, subpoena or order to issue that some or all of the material covered by the

6    request, subpoena or order may be the subject of this Protective Order.

7        17.    Upon the request of the government, the Defense Team shall return all Protected

8    Materials to the government fourteen calendar days after any one of the following events, whichever

9    occurs latest in time: defendant's admission of the rape charge or dismissal of the rape charge against

10   the defendant; defendant's finding by the Court that no violation was committed; the sentencing of the

11   defendant and the expiration of the time to file a notice of appeal or the conclusion of any direct appeal.

12   After the conclusion of proceedings in the district court or any direct appeal, the government will

13   maintain a copy of all Protected Materials produced.

14       18.    By stipulating to this Order, the government does not concede that Protected Materials

15   produced subject to this Order or information redacted from such materials should be unsealed or are

16   subject to disclosure pursuant to Federal Rule of Criminal Procedure 16 or any other rules of discovery.

17   Nor does the defendant waive his right to, at a later date, seek to unseal any materials produced subject

18   to this Order or otherwise compel disclosure of redacted information contained in the same.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
NO. 10-CR-00455 WHA

4

19.     Any counsel that appears in this action for the defendant after the date of this Order shall automatically be bound by its terms.

**SO STIPULATED.**


Dated:  July 1, 2016                                    BRIAN J. STRETCH
                                                        United States Attorney


                                                        _____/s/_____
                                                        CLAUDIA A. QUIROZ
                                                        Assistant United States Attorney

Dated:  July 1, 2016


                                                        _____/s/_____
                                                        DANIEL BLANK
                                                        Counsel for Defendant Marcel Daron King


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:    July 1, 2016.

                                                        _____
                                                        WILLIAM ALSUP
                                                        United States District Judge



                                  Attestation of Filer

       In addition to myself, the other signatory to this document is Daniel Blank.  I attest that I have his permission to enter a conformed signature on his behalf and to file the document.


        DATED: July 1, 2016                     _____/s/_____
                                                CLAUDIA A. QUIROZ
                                                Assistant United States Attorney


STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. 10-CR-00455 WHA

5